## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:

**IBRAHIM BROWN,**

      **Plaintiff,**

**vs.**

**ALEX ORION, INC.,**
**a Foreign Profit Corporation,**

      **Defendant.**

_____/

### COMPLAINT

Plaintiff, IBRAHIM BROWN ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, ALEX ORION, INC. ("Defendant"), and alleges as follows:

1. This is an action for declaratory and injunctive relief and damages pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 ("ADEA"), to redress injuries resulting from Defendant's unlawful, age-based discriminatory treatment of and retaliation against Plaintiff.

2. At all times material hereto, Plaintiff was a resident of Miami-Dade County, Florida.

3. Defendant is Foreign Profit Corporation authorized to conduct business in the State of Florida and in Miami-Dade County, Florida.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

4. Plaintiff is above the age of forty and within a class of individuals protected by the ADEA.

5. From on or about July 28, 2018 to on or about September 10, 2021, Plaintiff worked for Defendant as a Store Clerk and Cashier.

6. On September 10, 2021, Plaintiff had his work shift scheduled from 10:00 pm to 6:00 am.

7.  As soon as Plaintiff arrived at the company, Orlando Blanco, the supervisor, approached him and said to him that he could not continue working there.

8.  Plaintiff asked him for an explanation, and Orlando's response was that he did not have time for that.

9.  After having worked at the company for more than three years, Plaintiff could not understand what was happening because he did not have any prior complaints about his work performance.

10.  The real reason is that Orlando wanted to hire a younger person in his position.

11.  Plaintiff is 64 years old and started to observe that shortly before his termination Orlando was only hiring individuals who were at most 30 years old.

12.  Orlando on or about four months before Plaintiff's termination would only hire people younger than 40 years of age.

13.  In fact Plaintiff's replacement was younger than forty years of age.

14.  Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations.

15.  On or about August 23, 2022, the EEOC issued to Plaintiff a "Dismissal and Notice of Rights."

16.  The Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected.  The Plaintiff has thus become obligated to pay the undersigned a reasonable attorney's fee.


**COUNT I**
***Age Discrimination in Violation of the ADEA***

17. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-16 above as if set out in full herein.

18. Plaintiff is a member of a protected class under the ADEA.

19. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

20. Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is over the age of forty.

21. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

22. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

23. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

24. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

25. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

26. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law,

to punish the Defendant for its actions and to deter it, and others, from such action in the future.

27. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the ADEA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: _____9/23/22_____

Respectfully submitted,

_s/ Elvis J. Adan_ _____
Elvis J. Adan, Esq.
Fla. Bar No.: 24223
GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000